THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| EAGLE WEST INSURANCE COMPANY, a subrogee of Cypress Place Condominium Owners Association,<br><br>Plaintiff,<br><br>v.<br><br>AMTROL, INC.,<br><br>Defendant. | CASE NO. C16-0781-JCC<br><br>ORDER |

This matter comes before the Court on Plaintiff's motion to strike Defendant's experts as not timely disclosed (Dkt. No. 46). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby DENIES the motion for the reasons explained herein.

## I. BACKGROUND

This case arises out of damage caused by a leaking water expansion tank at a condominium complex. (Dkt. No. 1-1 at 3.) Defendant Amtrol, Inc. manufactured the subject tank. (*Id.*) Trial was initially set for October 16, 2017, with a discovery deadline of July 7, 2017. (Dkt. Nos. 29 at 8; 15.) On June 15, 2017, Plaintiff revised its theory as to the cause of the leaking tank and subsequently disclosed an updated expert report. (Dkt. Nos. 36-1; 24-1 at 16.) On July 7, 2017, Defendant filed a motion to continue trial, based in part on the significant shift

ORDER
C16-0781-JCC
PAGE - 1

in Plaintiff's case theory. (Dkt. No. 23.) The Court granted the motion and continued trial to February 20, 2018. (Dkt. No. 37 at 8.) The Court also extended the discovery cutoff date to 120 days before the new trial date—October 23, 2017. (*Id.*)

Defendant has disclosed three experts. The day before the initial discovery cut-off date, Defendant supplemented its discovery responses by providing a report from Amtrol engineer Robert Manser and identifying him as a fact and expert witness. (Dkt. No. 29 at 8.) On the eve of the new discovery cut-off date of October 23, 2017, Defendant disclosed an expert report from Dr. Caliguiri and Dr. Ganot—both of whom were listed as potential liability expert witnesses in Defendant's April 25, 2017 supplemental initial disclosures. (Dkt. No. 47-5 at 3.) Plaintiff now moves to exclude these experts as not timely disclosed. (Dkt. No. 19.)

## II. DISCUSSION

Parties are required to disclose an expert and her report "at the times and in the sequence that the court orders," or, in the absence of a court order, 90 days before trial. Fed. R. Civ. P. 26(a)(2)(D).

The expert report of Drs. Caliguiri and Ganot was timely disclosed. (*See* Dkt. No. 37 at 6); *Hudson Enterprises, Inc. v. Certain Underwriters at Lloyd's London Ins. Co*s.*,* 855 F.3d 874, 877 (8th Cir. 2017) (party complied with the Federal Rules of Civil Procedure by disclosing their expert on the last day allowed by the scheduling order). Plaintiff asserts that this Court's August 2, 2017 order continuing trial and resetting the discovery deadline "did not extend the expert disclosure dates," and that Defendant was "required to disclose [expert] reports or opinions before the initial July 7, 2017 discovery deadline." (Dkt. No. 46 at 5, 6.) However, neither scheduling order set expert disclosure dates. (Dkt. Nos. 12; 37 at 8.) Rather, the Court set—and then extended—a general discovery deadline, which Defendant met. (*Id.*)

Nor is there any indication that Defendant withdrew Drs. Caliguiri and Ganot as experts and should thus be barred from presenting their testimony. (*See* Dkt. No. 46 at 5–6.) Plaintiff argues that Defendant implicitly substituted Mr. Manser as its sole expert by failing to provide a

report by Drs. Caliguiri and Ganot by the original discovery deadline and by disclosing Mr. Manser's report at that time. (*Id.*) Defendant identified Drs. Caliguiri and Ganot as potential experts in its supplemental initial disclosures in April 2017, stating that a report would be provided once experts had formed opinions and in accordance with the scheduling order. (Dkt. No. 47-5 at 3.) Additional responses identifying Mr. Manser as an expert specified that the responses *supplemented* previous answers. (Dkt. No. 47-3) (emphasis added). There is no basis for Plaintiff's assertion that Defendant "withdrew Drs. Caligiuri and Ganot." (Dkt. No. 46 at 5.) Moreover, Defendant's decision not to provide a report and opinion of these experts before July 7, 2017 is not entirely surprising, given the significant June 2017 shift in Plaintiff's case theory, and Plaintiff's expert's updated opinion that relied on new evidence. (*See* Dkt. No. 37 at 6.)

Because the Court finds it appropriate to deny Plaintiff's motion to strike, it will also deny Plaintiff's request for attorney fees for bringing the motion. (*See* Dkt. No. 46 at 5.)

## III. LEAVE TO DEPOSE

While Defendant complied with the letter of the scheduling order and the Federal Rules, the Court realizes that Defendant's eleventh-hour disclosure places a burden on Plaintiff, who now, after the close of discovery, must obtain the Court's leave to depose the experts. *See* Fed. R. Civ. P. 26(b)(4)(A) (deposition of an expert may occur only after the report is provided). The Court thus *sua sponte* extends the discovery deadline until February 5, 2018 for the sole purpose of providing Plaintiff the opportunity, if desired, to depose Drs. Caligiuri and Ganot.

## IV. CONCLUSION

Plaintiff's motion to strike Defendant's experts (Dkt. No. 46) is therefore DENIED.

DATED this 2nd day of January 2018.

John C. Coughenour
UNITED STATES DISTRICT JUDGE